**ORIGINAL** # 89919

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 MAR 29 PM 2: 20
DEPUTY CLERK _____

ANA HENRIQUEZ,

Plaintiff,

Case No.

**3-16CV0868-M**

Plaintiff,

Div:

v.

FARMERS BRANCH, TEXAS, a municipality
KEN D. JOHNSON, Individually and in his official capacity;

Defendants.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, ANA HENRIQUEZ the mother of minor Jose Raul Cruz (J.C.), deceased, and files this action (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel and sues Defendant, FARMERS BRANCH, a municipal corporation, and its division of law enforcement, Farmers Branch Police Department (hereinafter collectively referred to as "FBPD"), OFFICER KEN JOHNSON, in his individual capacity (hereinafter referred to as "Johnson"), (hereinafter collectively referred to as "Defendants").

### I. JURISDICTION AND VENUE

1. This action is proper in the Northern District of Texas, Dallas Division, as all material facts of this cause of action occurred on or about March 13, 2016 in Dallas County, Texas.

Page 1 / 1

2. Venue is proper in this district under 28 U.S.C. Section 1391(b) in that all acts, omissions and practices described hereafter, giving rise to these claims all occurred in Dallas County, Texas, and within the jurisdiction of the United States District Court in and for the Northern District of Texas.

3. This is an action for damages in excess of Seventy-Five Thousand Dollars and No/100 ($75,000.00) exclusive of attorney's fees and costs.

4. This action is brought, among other things, pursuant to 42 U.S.C. §1983 and §1988 and the Fourth Amendment to the United States Constitution which make illegal the unlawful arrest of persons without probable cause and the unnecessary and excessive use of force against persons during their arrest and causing injury or death. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to Title 28 U.S.C. §1331 and §1343 (a)(3) and (4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution, and 28 U.S.C. §1367 which provides ancillary jurisdiction over all state law claims.

5. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any State Territory... Subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity or other proper proceeding for redress."

## II. PARTIES

1. Plaintiff is the Mother of the deceased J.C., and was at all times relevant hereto, a resident of Dallas County, Texas under the jurisdiction of this court.

2. Defendants FARMERS BRANCH is a municipal entity organized under the laws of the State of Texas, with the capacity to sue and be sued. It is the legal and political entity responsible for the actions of the FARMERS BRANCH POLICE DEPARTMENT (hereinafter "FBPD"), which is a department of the City of Farmers Branch. The City is sued for compensatory damages on the basis of the acts, omissions, practices and other conduct of officers, agents, and employees of FBPD and the City, more specifically Defendant JOHNSON who is an officer employed through FBPD, is over the age of 18, and on information and belief, is resident of or conduct business in Dallas County, Texas and is also being sued in his individual capacity. He can be served at his place of business at FBPD located at 3723 Valley View Lane, Farmers Branch, TX 75244, or wherever he may be found.

3. Farmers Branch can be served through its city manager Charles M. Cox, located at 13000 William Dodson Parkway, Farmers Branch, TX 75234.

4. All events giving rise to this complaint occurred in Dallas County, Texas.

5. Plaintiff has retained the services of undersigned counsel and is obligated to pay a reasonable attorney's fee for such services in pursuing the claims asserted herein.

## III. FACTS

6. On the afternoon of March 13, 2016, during day light hours, sixteen-year-old J.C. was out with his friend, another minor, in his step father's vehicle.

7. Officer Johnson allegedly saw the two boys attempting to break into a vehicle in an apartment complex in Farmer's Branch.

8. Officer Johnson, who was allegedly off-duty at the time, confronted the boys and stated he was a police officer, at which time the boys fled in the Dodge Challenger.

9. Officer Johnson entered his personal SUV and gave chase, pursuing them until they reached Addison, Texas.

10. Officer Johnson then used a police maneuver to ram the boys' vehicle, which caused their vehicle to spin out of control, deploy its airbags, and come to a halt.

11. Officer Johnson exited his vehicle, brandished his service weapon, identified himself as a police officer, and approached the boys' vehicle.

12. Officer Johnson fired seventeen rounds into the vehicle, killing J.C. and grievously injuring his companion.

13. Officer Johnson then went back to his SUV to obtain more ammunition or another firearm, but then apparently decided to stop shooting.

14. Officer Johnson has falsely claimed that he was under fear for his life but no evidence has arisen that the two sixteen-year-old boys, whose disabled vehicle had just been rammed by Officer Johnson's SUV, were unarmed and presented no imminent physical threat to Officer Johnson.

15. Officer Johnson has been arrested and charged with Murder and Assault with a Deadly Weapon.

## IV. PLAINTIFF'S CIVIL RIGHTS CLAIM

16. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> *Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any*

*citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.*

17. Plaintiffs allege that Defendants, jointly and/or severally, deprived Plaintiffs' Decedent of his Fourth Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Decedent's rights in the following ways:

    (A) By using excessive and deadly force in the course of Officer Johnson's attempt to seize the Decedent, in violation of the Fourth Amendment and its reasonableness standard. Plaintiffs plead that Decedent was unlawfully shot and killed. This action resulted directly and only from a use of force that was clearly excessive to the need, and was objectively and subjectively unreasonable;

    (B) By failing to provide guiding policies, supervision, and/or proper training to prevent such incidents of excessive force.

18. Defendants' violations of Cruz's constitutional rights resulted in Cruz's suffering and death and were a direct cause of Plaintiffs' injuries.

    **(1) PLAINTIFF'S FIRST CLAIM: 42 U.S.C. § 1983—PEACE OFFICER LIABILITY**

19. Plaintiff brings a claim against Officer Johnson, individually as well as in his official capacity, pursuant to 42 U.S.C. **§ 1983** and for punitive damages.

20. At all material times, Officer Johnson was acting under color of state law as an agent and employee of Defendant, the City of Farmers Branch.

21. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable in light of the circumstances facing the officer. *See Graham v. Connor, 490 U.S. 386, 398 (1989).* The facts and circumstances of this case show that Defendant Johnson's act of shooting and killing Decedent was clearly unreasonable.

22. At the time of the incident, Officer Johnson had no reason to believe that Jose was armed or dangerous. First, Jose was a sixteen-year-old minor. Second, Jose's vehicle had just been rammed and wrecked and an airbag deployed into his body.

23. Officer Johnson did not have a reasonable fear of imminent bodily harm when he shot and killed Jose nor did Officer Johnson have a reasonable belief that any other person was in danger of imminent bodily harm from Jose. Consequently, shooting and killing Jose was unwarranted under these circumstances, and was objectively and subjectively unreasonable when comparing or balancing the amount of force used against the need for the force.

24. Therefore, by using subjectively and objectively unreasonable deadly force while acting under color of state law, Officer Johnson violated Decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution and caused his wrongful death.

### (2) PLAINTIFF'S SECOND CLAIM: 42 U.S.C. § 1983—MUNICIPAL LIABILITY

25. Plaintiff pleads that Jose's constitutional rights were violated when he was shot and killed by Officer.

26. The Municipality of Farmers Branch has vague rules and polices concerning pursuit of suspects, and use of lethal force. This vagueness has cause confusion in the officers being trained, and gave permission to Officer Johnson to behave in a manner which has led to the death of this minor.

27. Farmers Branch has a history of allowing such pursuits and brutality to exist in their police department.

28. Specifically, Farmers Branch Responsibility and Gen. Conduct B.6.d. are so vague that they encourage officers to take various inconsistent and unpredictable courses of action, on and off duty.

### (3) PLAINTIFF'S THIRD CLAIM: ASSAULT & BATTERY

29. Under Texas law, the parallel cause of action for excessive force is a cause of action for assault and battery. TEX. PENAL CODE ANN. § 22.01. Consequently, Plaintiff alleges an alternative pendent State law claim for assault and battery.

30. Officer Johnson committed an assault and battery upon Jose when Officer Johnson intentionally, knowingly, and/or recklessly caused Jose to be shot. Johnson's assault conduct was committed intentionally, knowingly, and/or recklessly, and was the proximate cause of physical and emotional injuries to the Plaintiffs. Said injuries were the direct and immediate consequence of Officer Johnson's wrongful acts and a natural and direct result of the assault.

31. The allegations contained in the paragraphs 13 through 22 are incorporated herein by reference.

32. PLAINTIFFS has a clearly established right under the Constitution of the United States to be secure from unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Additionally, PLAINTIFF has the clearly established right under the United States Constitution and the Constitution of the State of Florida to be free from the use of excessive force and battery, and wrongful search and seizure.

34. PLAINTIFF was wrongfully seized and killed on March 13, 2016.

35. Defendant Johnson, under color of law, violated Plaintiff's well established constitutional right to be free from excessive force under the Fourth Amendment to the United States Constitution.

36. On or about March 13, 2016, Defendant JOHNSON used excessive force in aiming and shooting his firearm drawn and aimed at PLAINTIFF, by firing his weapons at PLAINTIFF without warning, provocation or justification. This was greater force than reasonable and/or necessary, malicious in purpose, and a display of wanton and willful disregard for the rights and safety of Plaintiff. No reasonable person in Defendants' position could have thought that the facts were such that justified Defendants' actions.

37. As a direct, proximate and foreseeable result of Defendants actions, Plaintiff will be deprived suffered bodily injuries and resulting in death.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on her civil rights claim brought pursuant to 42 U.S.C. § 1983 and 1988:

A. Judgment for compensatory damages against Defendant Johnson;

B. Judgment for punitive damages against Defendant Johnson;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. A trial by jury on all issues so triable; and

E. Such other and further relief that this Court may deem just, proper and appropriate.

## DAMAGES

38. Plaintiff repeats and realleges each and every allegation set forth above paragraphs numbered "6" through "15" inclusive with the same force and effect as if more fully set forth at length herein.

39. The actions of all Defendants violated the following clearly established and well-settled federal constitutional rights of Plaintiff, of which a reasonable person would have known:

a. Freedom from the use of excessive, deadly, unreasonable, unjustified force that is wholly disproportionate to any claimed need for force against his person;

b. Substantive due process right to be free from arbitrary government conduct which shocks the conscience and which is not tolerated in a free society;

c. Freedom from unreasonable search and seizure by government authorities.

40. As a direct and proximate cause of the joint actions of all Defendants, Jose Cruz's constitutional rights were violated and he has suffered injuries and damages leading to his death and the Plaintiff is deeply affected by his loss. Plaintiff seeks recovery from the Defendants, both jointly and severally, of all damages to which she may be entitled under both state and federal law for the injuries and damages he sustained and which include, but are not limited to:

a.  Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;

b.  Severe emotional pain, suffering, mental anguish and emotional trauma and suffering of a past, present and future nature;

d.  Loss of Enjoyment of Life of a past, present and future nature; and company of her son.

e.  Loss of Earning Capacity of child who would have taken care of her in her old age, present and future in nature; J.C had a 13 year old Autistic brother, to whom he was a best friend and care taker. He financially contributed to his well-being, all contribution is lost to the Plaintiff.

f.  Punitive damages against the applicable Defendants;

g.  Pre and Post-Judgment Interest;

i.  Statutory and Discretionary Costs;

j.  Attorney's fees where permitted by 42 U.S.C. § 1988 or state law;

k.  A declaratory judgment that the acts and conduct herein were unconstitutional;

l.  All such further relied, both general and specific, to which they may be entitled under the premises.

## NOTICE OF CLAIM

41. Pursuant to §101.101, Texas, Defendants FBPD and JOHNSON have actual notice of the death of J.C. but the Plaintiff has also provided notice and service, if applicable.

## PRAYERS FOR RELIEF

WHEREFORE, premises considered, sues the Defendants, both jointly and severally, and prays for a judgment against the applicable Defendants *for actual, nominal, compensatory and/or punitive damages* in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which she may be entitled under the premises.

## EXEMPLARY DAMAGES

Plaintiff will further show that Officer Johnson acted maliciously and recklessly and violated J.C's constitutional rights and in order to prevent other officers from behaving similarly, a exemplary damages are specifically being sought.

The decedent was the older brother and best friend of a 13 year old Autistic young man, who now has been deprived of his company and caretaking. The actions of the Defendants have allowed this to happen to this family, and exemplary damages are proper in this case.

## JURY DEMAND & ATTORNEY'S FEE

Plaintiff, hereby demands a trial by jury as to all count, and/or on all issues so triable. Attorney is also entitled to receive reasonable attorney's fee under 42 U.S.C Section 1988.

Dated: March 29, 2016

Respectfully submitted,

Shayan Elahi, Esq.
State Bar No. 24080485
P O BOX 630827
Irving, Texas 75063
Telephone No: (407)-902-5282
Facsimile No: (888) 633-8920
dallasfortworthattorney@gmail.com
**ATTORNEY FOR PLAINTIFF**

JS 44-TXND (Rev. 12/12) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
ANA HENRIQUEZ

3-16CV0868-M

**DEFENDANTS**
Farmers Branch, Texas, a Municipality
Ken D. Johnson, in his individual and official capacity.

(b) County of Residence of First Listed Plaintiff  **DALLAS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **DALLAS**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Shayan Elahi, Esq.
P O BOX 630827, Irving Texas 75063
407-902-5282

Attorneys *(If Known)*
N/A

MAR 29 2016

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 1983 and 1988

Brief description of cause:
Death caused by officer and municipality in violation of constitutional rights

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

### VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: MARCH 29, 2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE