IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANA HENRIQUEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:16-cv-868-M-BN |
| § | |
| CITY OF FARMERS BRANCH, TEXAS § | |
| and KEN D. JOHNSON, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Ana Henriquez filed this civil action asserting civil rights violations and assault and battery against Defendants City of Farmers Branch, Texas and Officer Ken Johnson based on Johnson's shooting her minor son to death. *See* Dkt. No. 2. Johnson answered the complaint and simultaneously moved to dismiss. *See* Dkt. Nos. 13-15. The City moved to dismiss. *See* Dkt. No. 19. And both motions were fully briefed. *See* Dkt. Nos. 25, 28-30.

Johnson also moved to stay this proceeding. *See* Dkt. No. 18. And, on January 4, 2017, United States Magistrate Judge Paul D. Stickney ordered this case stayed considering the criminal action then proceeding against Johnson. *See* Dkt. No. 31.

Upon Judge Stickney's retirement, this action was automatically referred to United States Magistrate Judge Rebecca Rutherford on January 26, 2018. *See* Dkt. No. 32. Judge Rutherford recused on February 21, 2018. *See* Dkt. No. 33. The same day, this action was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from

Chief Judge Barbara M. G. Lynn.

After this action was stayed, Johnson was convicted of murder and of aggravated assault with a deadly weapon/firearm and sentenced to concurrent 10-year terms of imprisonment. *See State v. Johnson*, Nos. F-1610099, F-1610100-M (194th Jud. Dist. Ct., Dallas Cnty., Tex. Dec. 19, 2017). He then noticed direct appeals. And the order staying this case provides in pertinent part that, if Johnson "is sentenced, the stay terminates upon sentencing" but that "[t]his stay may be appropriately modified for good cause." Dkt. No. 31 at 8.

Particularly because no party moved to lift the stay within seven days of Johnson's sentencing, as required by the order, *see id.*, the undersigned, on February 22, 2018, found good cause to continue the stay during the pendency of Johnson's direct appeal of his criminal convictions and sentences and therefore administratively closed this proceeding, *see* Dkt. No. 34; *see also Bean v. Alcorta*, 220 F. Supp. 3d 772 (W.D. Tex. 2016) (analyzing the six factors that courts in this circuit consider to determine whether a civil case should be stayed based on an existing related criminal case, one of which is the status of the criminal case, and observing that, "[t]he Texas Court of Criminal Appeals has 'repeatedly held that a judgment of conviction is not final while the conviction is on appeal,'" such that, where "the Defendant's criminal case is still pending on appeal and not yet final under Texas law, the second factor weighs in favor of a stay" (quoting *Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014))).

On August 24, 2021, Henriquez moved to reopen this civil action, citing that

Johnson's convictions and sentences were affirmed as modified. *See* Dkt. No. 36; *see also Johnson v. State*, Nos. 05-18-00057-CR, 05-18-00058-CR, 2019 WL 2266545 (Tex. App. – Dallas May 28, 2019, no pet.).

The Court allowed Defendants leave to respond to the motion. *See* Dkt. No. 37.

Johnson opposes the motion, arguing that Henriquez's delay in moving to reopen this case amounts to a failure to prosecute and asserting that "dismissal under these circumstances is also supported by the equitable defense of laches." Dkt. No. 38 ("Plaintiff now, more than 4 ½ years after the initial stay order, seeks to reopen this case. Given that the pre-conditions in the Modified Stay Order occurred in May, 20198 – more than three years ago – Plaintiff's motion is untimely. No excuse for the delay is found in this record and this Honorable Court may now *sua sponte* dismiss Plaintiff's claim for want of prosecution. Such a dismissal under these circumstances is also supported by the equitable defense of laches which Defendant hereby asserts. Laches applies in circumstances involving unexcused delay resulting in undue prejudice. Here, the loss of evidence and witness memory due to the passage of time prejudices this Defendant, all Parties and this Court in its search for truth and a just result. Further, during the delay, Defendant has lost coverage and lacks assets with which to even defend himself. This delay results from Plaintiff's bringing the Motion to Reopen more than three years after she should have done so." (footnotes omitted)).

The City does not oppose Henriquez's motion, asserting instead that the Court should now take up its ripe motion to dismiss. *See* Dkt. No. 41.

And Henriquez replied to Johnson's opposition. *See* Dkt. No. 39.

While the motion to reopen an administratively closed case does not itself appear to be dispositive under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Johnson's opposition to that motion seeks the involuntary dismissal of this action. Out of an abundance of caution, the undersigned therefore enters these findings of fact, conclusions of law, and recommendation that the Court should grant Henriquez's motion to reopen this case.

## Legal Standards and Analysis

I.   Federal Rule of Civil Procedure 41(b) does not afford a basis for the Court to dismiss this case *sua sponte.*

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). And

> [a]lthough "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (quoting

*Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (quoting, in turn, *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile).

And, "[w]hen a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441). Particularly because, even a dismissal of this lawsuit now without prejudice for failure to prosecute will effectively be with prejudice considering the applicable statutes of limitations, Johnson has not shown that the record before the Court – Henriquez's delay in moving to reopen this case – was the result of purposeful delay or contumacious conduct such that the imposition of lesser sanctions would be futile and dismissal, effectively with prejudice, is justified.

II. Laches, an affirmative defense under Federal Rule of Civil Procedure 8(c), also does not justify the dismissal of this case at this juncture.

"Historically, 'laches is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation." *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, L.P.*, 948 F.3d 261, 272 (5th Cir. 2020) (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 687 (2014)). And, "[b]oth before and after the merger of law and equity in 1938, [the United States Supreme] Court has cautioned against invoking laches to bar legal relief." *Petrella*, 572 U.S. at 687

(footnote and citations omitted).

As demonstrated by that "laches is 'gap-filling'" by common law, "not legislative overriding," where a statute provides a limitations period, *Energy Intelligence Grp.*, 948 F.3d at 272 (quoting *Petrella*, 572 U.S. at 680),

> [l]aches typically bars claims when plaintiffs engage in dilatory conduct before filing suit. This can be [further] discerned from the formulation of the defense: "Laches under Texas law rests on two elements: (1) an unreasonable delay *in bringing a claim* although otherwise one has the legal or equitable right to do so, and (2) a good faith change of position by another, to his detriment, because of this delay." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 971 (5th Cir.1986) (emphasis added) (citing cases). And it is illustrated by the fact that laches is an affirmative defense, a matter in avoidance that must be pleaded affirmatively. *See* FED. R. CIV. P. 8(c); *Clark*, 794 F.2d at 971 (holding under Texas law that "[l]aches is affirmative defense that must be plead[ed] and prove[d][.]").

*H.C. Oil & Gas Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-cv-2923-D, 3:97-cv-353-D, 2005 WL 265166, at *3 (N.D. Tex. Feb. 2, 2005).

In *H.C. Oil & Gas*, "Merrill Lynch [sought] summary judgment dismissing all of HC's claims on the ground that they are barred by the equitable doctrine of laches … based on Robinette's dilatory conduct in pursuing the case after he filed it." *Id.* at *3 ("For example, Merrill Lynch points out that the court administratively closed the case in October 1999 to allow Robinette to complete his prison sentence. It also observes that, although Robinette was released from prison in August 2001, he waited until May 2003 to ask the court to reopen the case statistically. Finally, Merrill Lynch avers, *inter alia*, that Robinette did not initiate discovery until July 2004, even though the court entered a scheduling order in August 2003. It maintains that, when the case goes to trial, ten years will have elapsed since the events in question. It posits that, with the passage of time, memories have dimmed, two key witnesses have died,

and numerous documents have been lost or destroyed.").

And the court held that,

> even if laches were available as a defense when based on post-filing delay, Merrill Lynch is not entitled to summary judgment. Because laches is an affirmative defense that Merrill Lynch would be required to prove at trial (assuming the defense was available), to be entitled to summary judgment, it "must establish 'beyond peradventure all of the essential elements of the ... defense.'" Laches requires unreasonable delay and a good faith, detrimental change of position by another because of the delay. It is not enough for Merrill Lynch to show delay; it must also prove that the delay was inexcusable or unreasonable.

*Id.* at *4 (citations omitted).

Similarly, as laches is an affirmative defense for which Johnson "will have the burden of proof at trial," to obtain dismissal based on the defense prior to trial, he "'must establish "beyond peradventure all of the essential elements of the ... defense."'" *Hughes v. Dillard, Inc.*, No. 3:09-cv-218-D, 2009 WL 4279414, at *3 (N.D. Tex. Nov. 30, 2009) (quoting *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting, in turn, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986))).

Johnson's current showing, in response to the motion to reopen, does not, for instance, demonstrate beyond peradventure – a "standard impos[ing] a 'heavy' burden," *Adams v. Sw. Airlines*, No. 3:18-cv-3394-G-BN, 2020 WL 4927588, at *3 (N.D. Tex. July 16, 2020) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007)), *rec. accepted*, 2020 WL 4923961 (N.D. Tex. Aug. 20, 2020) – that Henriquez's delay in seeking to reopen this civil case was inexcusable or unreasonable, *see Gulf, C. & S.F.R. Co. v. McBride*, 322 S.W.2d 492, 500 (Tex. 1959) ("Mere lapse of time raises no

presumption of laches. It must be an unreasonable delay which has worked injury to another person.") (cited in *H.C. Oil & Gas*). While Johnson may again invoke laches later in this case, his current showing is neither a basis not to reopen this case nor a reason for dismissal.

## Recommendation

The Court should grant the motion to reopen this case [Dkt. No. 36].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 9, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE